In the Matter of FRANK R. MADERA, an Attorney, Respondent. BROOKLYN BAR ASSOCIATION, Petitioner.

Second Department, June 14, 1972.

*Marshall G. Kaplan* for petitioner.

*Joseph Slavin* for respondent.

*Per Curiam.* The respondent was admitted to practice law by this court on April 26, 1939. The petition sets forth four charges of professional misconduct, each of which arose out of a separate real estate transaction involving different individuals. The Justice of the Supreme Court to whom this matter was referred for hearing and report has submitted his report in which he found that only one of the four charges has been sustained (charge I). The petitioner now moves to confirm the report insofar as it found charge I to have been sustained and to disaffirm the report with respect to the remaining three charges (II, III and IV). The respondent cross-moves to disaffirm the report insofar as it relates to charge I and to confirm the report in all other respects.

The first of the four charges alleged that the complainant with respect to that charge made payments to the respondent to be applied on a mortgage on certain real property owned by the complainant; the respondent, who maintained no special, agency or escrow account, mingled these funds with his own; and the money so paid was not used by the respondent for the intended purpose, as a result of which the mortgage was foreclosed. We are in full accord with the reporting Justice's finding that this charge was sustained by the proof.

The second charge, in part, is that, for a consideration, certain real property was conveyed by a corporation, which the respondent controlled as the sole stockholder, to the complainant with respect thereto, subject to a purchase-money mortgage. Neither the deed nor the mortgage was ever recorded. There-

after, the vendor corporation conveyed the same property to a second corporation which, as disclosed by the record, was controlled by another attorney to whom the respondent was personally indebted in a substantial amount. Notwithstanding the foregoing, the respondent collected from the complainant three payments due on the purchase-money mortgage. The Justice concluded: " On the critical element of the charge on this complaint, (1) that respondent after conveying the property to * * * [the complainant] conveyed the same property to * * * [the second corporation]; and (2) that as a result * * * [the complainant] has no interest in the property, I find the same not sustained for the reason that the conveyance to * * * [the second corporation] is fraudulent and after full notice that the putative grantor had no title to convey, having theretofore conveyed to * * * [the complainant]. This is not to say that I find the respondent blameless for the complications, but I cannot find support for the charge made."

We do not agree with this finding. The substantive issue in this proceeding is not whether, as a legal proposition, the complainant was divested of her interest in the property by the subsequent conveyance to the corporation, but rather whether the respondent failed to conduct himself in accordance with the standards imposed upon members of the Bar by attempting to convey property previously transferred to the complainant. In our opinion, the respondent's misconduct in this respect was fully established by the evidence adduced at the hearing. Similarly, concerning a further aspect of this second charge, the record is clear that, while acting as the complainant's attorney in a condemnation proceeding, the respondent gave her several checks for part of the award which were dishonored for insufficient funds.

The third charge, in part, is that, in connection with the sale of a mortgage which the respondent, as president of a close corporation which he controlled, executed and delivered to the third complainant, the corporation did not own the subject property on the date of the sale and never had the right to mortgage the property. Contrary to the Justice's finding that there was " a failure of proof " as to this charge, it is our opinion that the charge was sustained by the proof, including certain exhibits introduced in evidence.

Finally, the fourth charge alleged, *inter alia,* that, although the fourth complainant advanced to the respondent $8,000 to invest in a mortgage on certain premises, the respondent, without the complainant's consent, invested the money in a mort-

gage covering another parcel of property and that the respondent issued checks to the complainant which were dishonored because of insufficient funds. We find this charge to have been established.

Notwithstanding that the respondent made full restitution prior to the hearing, which perhaps explains the failure of the complainants to appear and testify, we find his testimony as to the last three charges as lacking in credibility and as untrustworthy as his explanations with respect to the first charge.

Accordingly, the petitioner's motion is granted to the extent indicated herein and the respondent's cross motion is denied.

It is evident that without any mitigating circumstances the respondent has engaged in a consistent pattern of unethical practices. Moreover, his flagrant activities are not to be measured by the standards of the marketplace alone. His conduct, while in some instances not involving an attorney-client relationship, does reflect on the reputation of the Bar (*Matter of Ushkow*, 34 A D 2d 159). "While a lawyer may engage in business, if he wishes to remain a member of the Bar he must conduct himself in that business in accordance with the standards imposed on members of the Bar" (*Matter of Kaufman*, 29 A D 2d 298, 299). The respondent is adjudged guilty of serious professional misconduct and should be disbarred from the further practice of law and his name removed from the roll of attorneys and counselors at law, effective forthwith.

RABIN, P. J., HOPKINS, MUNDER, LATHAM and SHAPIRO, JJ., concur.

Petitioner's motion granted to the extent indicated in the *Per Curiam* opinion rendered herewith and respondent's cross motion denied. Respondent is adjudged guilty of professional misconduct, he is disbarred and his name is ordered removed from the roll of attorneys and counselors at law, effective forthwith.